THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DR. A CEMAL EKIN,

               Plaintiff,

      v.

AMAZON SERVICES, LLC,

               Defendant.

CASE NO. C14-0244-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to consolidate the above-captioned matter with *Burke v. Amazon Services, LLC*, Case No. C14-0335 (W.D. Wash.), stay the latter case, and appoint Plaintiff's counsel as interim lead counsel. (Dkt. No. 13.). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part and DENIES the motion in part for the reasons explained herein.

I.    **<u>BACKGROUND</u>**

Plaintiff filed a putative class action complaint against Amazon Services, LLC ("Amazon") on February 19, 2014. (Dkt. No. 1.) Plaintiff brings breach of contract and Washington Consumer Protection Act claims on behalf of Amazon customers who were members of Amazon's "Prime" program during the relevant class period. (*Id.* at ¶ 5.1.) Mr. Ekin alleges that despite Amazon's promise that program members who order "Prime" products

would receive free shipping, Amazon in fact induces and permits its third-party vendors to unlawfully shift the cost of shipping into the product price in order to make up for the lost shipping costs. (*Id.* at ¶ 3.4.) The Complaint further alleges that under Federal Trade Commission rules and other laws, shipping is not in fact "free" when the cost is simply shifted to the cost of the product. (*Id.* at ¶ 3.5.)  It appears that Amazon has accepted service of the summons and Complaint, but has not yet responded with an Answer or motion to dismiss. (*See* Dkt. No. 12.) Mr. Ekin is represented by attorneys from the law firm of Sirianni Youtz Spoonemore Hamburger ("SYSH").

On March 7, 2014, Ms. Marcia Burke filed a nearly identical complaint in this district. *See Burke v. Amazon Services LLC*, Case No. C14-0335-JCC (W.D. Wash.). Ms. Burke is represented by the law firms of Scott+Scott LLP, Tousley Brain Stephens PLLC, and Carlson & Dennett. Ms. Burke's Complaint similarly names Amazon Services, LLC as Defendant and includes the same two claims—breach of contract and a violation of the Washington Consumer Protection Act. (*Compare* Case No. C14-0244, Dkt. No. 1 at ¶¶ 1.2, 6.1–7.3; *with* Case No. C14-0335, Dkt. No. 1 at ¶¶ 7, 37–46.)  Ms. Burke's Complaint also contains large portions of text that appear to be copied directly from Mr. Ekin's Complaint. (*Compare* Case No. C14-0244, Dkt. No. 1 at ¶¶ 3.1–5.1, 5.4; *with* Case No. C14-0335, Dkt. No. 1 at ¶¶ 12–27, 32.) After the *Burke* action was filed and assigned to the Honorable James L. Robart, the Court transferred the case to the undersigned in light of the apparent similarities between the two actions. (Case No. C14-0335, Dkt. No. 8.) Amazon has not yet filed an Answer or otherwise moved to dismiss the *Burke* action.

Mr. Ekin's counsel from Sirianni Youtz Spoonemore Hamburger now moves to consolidate the *Ekin* and *Burke* cases, stay the *Burke* action as unnecessarily duplicative, and appoint the SYSH law firm as interim lead counsel to represent the putative class until class certification is determined and class counsel is appointed. (Dkt. No. 13.) All parties, including Amazon, agree that consolidation of the two cases are appropriate, at least for pre-trial purposes.

(*See* Dkt. Nos. 17 at 5; 18 at 1.) However, while Mr. Ekin's counsel argues that upon consolidation, the *Burke* action should be stayed and SYSH appointed as sole interim counsel on behalf of the putative class, Ms. Burke's counsel requests that the Scott+Scott and Tousley Brain Stephens law firms be appointed co-lead interim counsel along with Mr. Ekin's counsel from SYSH. (Dkt. No. 18 at 2.) Ms. Burke's counsel also states that the Court need not stay the *Burke* action since the two cases will have been consolidated. For the reasons that follow, the Court grants Mr. Ekin's motion in part. The cases will be consolidated and Mr. Ekin's counsel designated as interim lead counsel on behalf of the putative class members. However, the Court sees no need to stay the *Burke* action in light of the consolidation.

## II.   <u>DISCUSSION</u>

### A.   **Consolidation**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). The Court "has broad discretion under this rule to consolidate cases." *Investors Research Co. v. United States Dist. Court,* 877 F.2d 777, 777 (9th Cir. 1989). In exercising its discretion to consolidate, the Court "must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Takeda v. Turbodyne Tech., Inc.,* 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).

The Court concludes that consolidation of the *Ekin* and *Burke* actions for all pre-trial matters is appropriate. They involve the same two claims for relief on behalf of an identical proposed class against the same defendant. The only differences pointed out in the parties' briefs involve the named plaintiff and which law firm will represent the putative class. To the extent Amazon requests that the cases should be consolidated for pre-trial purposes only—"because Amazon maintains their claims are not suitable for class treatment"—the Court grants the request

1  without expressing any view on the suitability of class treatment. (Dkt. No. 18 at 1 n.1.) Of

2  course, the question at issue here is whether the *Ekin* and *Burke* actions involve sufficiently

3  similar issues and claims to warrant consolidation; in contrast, the certification question will

4  involve a determination of whether the putative class members' claims demonstrate sufficient

5  commonality and typicality to warrant class treatment. The latter question will have to be

6  answered in both cases, and the proposed classes include the same putative class members. Thus,

7  pre-trial consolidation will allow the Court and the parties' to proceed efficiently in determining

8  whether to certify a class and in addressing dispositive motions as to both claims. If necessary,

9  the Court will address the need to consolidate the trials when all pre-trial matters have been

10  resolved.

11       Accordingly, the *Ekin* and *Burke* actions will be consolidated for pre-trial purposes. All

12  future filings in both cases shall bear the caption and case number of the first-filed case, *Ekin v.*

13  *Amazon Services, LLC*, Case No. C14-0244-JCC.

14       **B.**    **Mr. Ekin's Motion to Stay the *Burke* Action**

15       Mr. Ekin's counsel next requests that upon consolidation, the *Burke* action be stayed.

16  (Dkt. No. 13.) Ms. Burke's counsel states in a footnote that staying the *Burke* action is

17  unnecessary given that all parties have agreed to consolidation. Amazon supports consolidation

18  and does not otherwise wade into the impasse reached between Ms. Burke's and Mr. Ekin's

19  counsel regarding the propriety of a stay. Upon review, the Court concludes that staying the

20  *Burke* action is unnecessary given that the two cases will be consolidated—indeed, consolidation

21  of overlapping lawsuits before a single judge is the preferred method of handling duplicative

22  actions. Ultimately, consolidation prevents any possibility of inconsistent rulings, avoids

23  inefficiencies in judicial economy or on behalf of the parties, and will protect Amazon from the

24  undue burden associated with defending itself against the same claims in separate lawsuits

25  brought by competing plaintiffs' counsel.

26  //

1    To support his contention that the *Burke* action should be stayed, Mr. Ekin relies on the

2    Court's inherent discretion to control its docket and the First-to-File rule.[1] (Dkt. No. 13 at 5–6.)

3    It is well established that "[d]istrict courts retain broad discretion to control their dockets."

4    *Adams v. California Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). "After weighing

5    the equities of the case, the district court may exercise its discretion to dismiss a duplicative

6    later-filed action, to stay that action pending resolution of the previously filed action, to enjoin

7    the parties from proceeding with it, or to consolidate both actions." *Id.* In this vein, the Ninth

8    Circuit has explained that a single plaintiff has "'no right to maintain two separate actions

9    involving the same subject matter at the same time in the same court and against the same

10   defendant." *Id.* In a putative class action scenario, where the plaintiffs are not necessarily

11   identical but are each part of the same class pursuing identical claims in the same court, "no

12   mechanical rule governs the handling of overlapping cases." *Blair v. Equifax Check Servs.*, *Inc.*,

13   181 F.3d 832, 838 (7th Cir. 1999). As noted by the Seventh Circuit, however, "[b]y far the best

14   means of avoiding wasteful overlap when related suits are pending in the same court is to

15   consolidate all before a single judge." *Id.*

16   In addition to exercising their inherent authority when faced with related and overlapping

17   lawsuits, courts apply the first-to-file rule to prevent duplicative lawsuits from extracting too

18   high a toll on the judicial system. The first-to-file rule is a "generally recognized doctrine of

19   federal comity which permits a district court to decline jurisdiction over an action when a

20

21   _____

22   [1] To support his "inherent authority" argument, Mr. Ekin relies in part on the *Colorado River* doctrine.
     Under *Colorado River Water Conservation District v. United States*, "considerations of '[w]ise judicial
23   administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' may
     justify a stay of a federal action pending the outcome of concurrent state court proceedings concerning the same
24   matter." 424 U.S. 800 (1976). The *Colorado River* doctrine generally applies to concurrent federal and state actions
     and only permits dismissal in "truly exceptional circumstances." *Missouri ex. rel. Nixon v. Prudential Health Care
25   Plan*, 259 F.3d 949, 953 (8th Cir. 2001). At least three circuits have applied its reasoning to concurrent federal
     actions while noting that no clear rule has emerged. *See id.* (noting that the *Colorado River* Court recognized a
26   general policy of avoiding duplicative federal litigation). Here, the Court sees no reason to delineate the academic
     contours of the *Colorado River* doctrine, since the result would be the same as above if in fact *Colorado River*
     applied: Because the cases have been consolidated, there is no reason to stay or dismiss the *Burke* action.

complaint involving the same parties and issues has already been filed in another district."
*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The purpose of the
rule is "to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister
court's authority, and to avoid piecemeal resolution of issues calling for a uniform result." *Save*
*Power Ltd. v. Synteck Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997). The first-to-file rule is
successfully invoked primarily when the actions at issue are pending in different district courts,
*see AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1156 (9th Cir. 2007), though "[c]ourts
have [] expressed conditional approval of the rule's application where the actions at issue are
pending before different judges in the same district court." *Henderson v. JPMorgan Chase Bank,*
No. C11–3428, 2011 WL 4056004, at *2 (C.D. Cal. Sept.13, 2011).

Courts regularly decline, however, to apply the first-to-file rule in those situations where
the two actions are actively pending before the same judge. *See id.* at *2 (collecting cases). The
reason is that "the concerns justifying application of the rule—comity, efficiency, and
uniformity—are nonexistent or greatly reduced." *Id.*; *see*, *e.g.*, *Rodriguez v. Taco Bell Corp.*, No.
C13-1498, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 13, 2013) ("The concerns justifying the
application of the first-to-file rule, particularly those relating to federal comity, do not apply
when both cases are pending before the same judge in the same court"); *Word Music, LLC v.*
*Priddis Music, Inc.,* No. C07–0502, 2007 WL 3231835, * 1 (M.D. Tenn. Oct.30, 2007)
(concluding that the first-to-file rule "is no longer relevant" upon transfer of the second action to
the same district and judge presiding over the first action).

Here, the Court finds no occasion to stay the *Burke* action under either its inherent
authority or the first-to-file rule. Given the Court's authority and decision to consolidate the *Ekin*
and *Burke* actions, along with the existing cases expressing disapproval of staying an
overlapping action pending before the same judge under the first-to-file rule, the Court is
satisfied that consolidation is the preferred route to avoiding the inherent inefficiencies involved
with duplicative litigation. In this case, any inefficiencies or risk of inconsistent judgments is

1   eliminated by consolidating to the *Ekin* and *Burke* actions. Accordingly, Plaintiff's motion is

2   denied to the extent he requests to stay the *Burke* action.

3          **C.**     **Interim Lead Counsel**

4          Lastly, Mr. Ekin's and Ms. Burke's counsel dispute which law firm(s) should be

5   appointed as interim lead counsel. Mr. Ekin's counsel from SYSH requests that they be

6   appointed as sole interim lead counsel. Counsel for Ms. Burke requests a "three-way interim co-

7   lead structure" that would include Mr. Ekin's counsel from SYSH, as well as Ms. Burke's

8   counsel from Scott+Scott LLP and Tousley Brain Stephens PLLC. (Dkt. No. 17 at 5.) Mr. Ekin's

9   counsel calls the latter suggestion a "forced marriage" that would create an unnecessary and

10   inefficient litigation committee. For the reasons below, the Court agrees that appointment of

11   SYSH as sole interim lead counsel is appropriate.

12          Federal Rule of Civil Procedure 23 provides that "[t]he court may designate interim

13   counsel to act on behalf of a putative class before determining whether to certify the action as a

14   class action." FED. R. CIV. P. 23(g)(2)(A). In cases such as this one, where "more than one

15   adequate application seeks appointment as class counsel, the court must appoint the applicant

16   best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2)(B). The Court considers

17   various factors in appointing class counsel, including: "(i) the work counsel has done in

18   identifying or investigating potential claims in the action; (ii) counsel's experience in handling

19   class actions, other complex litigation, and the types of claims asserted in the action; (iii)

20   counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

21   representing the class." FED. R. CIV. P. 23(g)(1)(A). In addition, the Court "may consider any

22   other matter pertinent to counsel's ability to fairly and adequately represent the interests of the

23   class." FED. R. CIV. P. 23(g)(1)(B). Ultimately, if a number of lawyers compete for class counsel

24   appointment, "designation of interim counsel clarifies responsibility for protecting the interests

25   of the class during precertification activities, such as making and responding to motions,

26   conducting any necessary discovery, moving for class certification, and negotiating settlement."

1    Manual of Complex Litigation § 21.11 (4th ed. 2004).

2         The Court finds that Mr. Ekin's counsel from Sirianni Youtz Spoonemore Hamburger are

3    "best able to represent the interests of the class" under the circumstances at hand.[2] It is clear from

4    the supporting declarations of Richard Spoonemore, Chris Youtz, and David Simmonds that Mr.

5    Ekin's counsel spent more than a year investigating the factual basis for the current lawsuit,

6    interviewed Mr. Ekin to establish a working relationship with regard to this case very early on in

7    its investigation, and spent a significant amount of time drafting the complaint and crafting the

8    legal theories at issue. (*See* Dkt. Nos. 14–16.) Further, the SYSH law firm—and specifically, Mr.

9    Spoonemore, Mr. Youtz, and Mr. Simmonds—have extensive experience representing

10   individuals as lead class counsel in major class actions, and have been quite successful in the

11   results obtained on behalf of those individuals. The Court also notes that Mr. Spoonemore, Mr.

12   Youtz, and Mr. Simmonds have specific experience litigating class actions under the Washington

13   Consumer Protection Act against large corporations. Their combined experience leaves the Court

14   with no concern that Mr. Ekin's counsel will devote the necessary resources to prosecute this

15   case to the fullest extent possible and that they are capable of managing class litigation of this

16   scope.

17        The Court is of course aware of the qualifications and experience that the Scott+Scott and

18   Tousley Brain Stephens law firms bring to the table. Unquestionably, they too have extensive

19   experience litigating class actions with a great deal of success. Their opposition to Mr. Ekin's

20   motion ably points out the successes those firms have garnered on behalf of their other clients.

21   However, their motion goes no further than pointing out that they would be capable of

22   representing the putative class in this matter. Ms. Burke's counsel nowhere demonstrates why

23   the Court should appoint three separate law firms, each of which are qualified, as co-lead counsel

---

25        [2] The Court includes in its appointment of interim lead counsel Mr. David Simmonds. Mr. Simmonds'
26   declaration explains that he "collaborates" with SYSH and has for a very long time, though he is listed on the docket
     as a practicing attorney with SYSH. Regardless of whether Mr. Simmonds is actually a member of SYSH, the Court
     includes him as interim lead counsel in the consolidated *Ekin* and *Burke* actions.

ORDER
PAGE - 8

1  in what is not an unusually complex case. They do not point to any tangible advantage of having

2  a "three-way co-lead" structure, such as fair representation of putative class members with

3  conflicting interests, and fail to dissuade the Court that the three-way structure would serve no

4  purpose other than to increase the likelihood that additional fees and expenses will be imposed

5  upon the putative class members. Nor does the Court see any need to create additional conflict

6  between counsel for Mr. Ekin and Ms. Burke by forcing them to unwillingly work together as

7  co-leaders of the putative class. Thus, while it is clear that Ms. Burke's counsel could represent

8  the class if necessary, they have offered no justifiable reason to impose the proposed three-way

9  leadership structure at this stage.

10      Given that Mr. Ekin's counsel appears to have devoted more time to the pre-filing

11  investigation of this matter, filed Mr. Ekin's complaint first, and has more extensive experience

12  litigating Washington Consumer Protection Act claims, the Court finds that the SYSH law firm

13  will best be able to represent the putative class members. Accordingly, the Court GRANTS Mr.

14  Ekin's motion to appoint his counsel as interim lead counsel and DENIES Ms. Burke's motion to

15  appoint her counsel as co-lead counsel.

16  **III.  <u>CONCLUSION</u>**

17      For the foregoing reasons, Plaintiff's motion for consolidation (Dkt. No. 13) is

18  GRANTED IN PART and DENIED IN PART. The *Ekin* and *Burke* actions are hereby

19  consolidated for all pre-trial purposes. All future filings in the *Ekin* and *Burke* actions shall bear

20  the caption and case number of the first-filed case, *Ekin v. Amazon Services, LLC*, Case No. C14-

21  0244-JCC. Counsel for Plaintiff is hereby appointed interim lead counsel for the consolidated

22  actions. To the extent Plaintiff requests that the Court stay the *Burke* action, that request is

23  denied for the reasons explained herein.

24  //

25  //

26  //

ORDER
PAGE - 9

1    DATED this 23rd day of May 2014.

2

3

4

5

6

7

8                                              John C. Coughenour
                                               UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 10